UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE STRINGER,

    Plaintiff,

v.

M. LENNOX,

    Defendant.

Case No. 19-10025
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**ORDER OF DISMISSAL AFTER SCREENING**

Dwayne Stringer's *in forma pauperis* complaint is before the Court for initial screening. Under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Having made such a finding, the Court will dismiss the complaint.

**I.**

In cases where a plaintiff has been permitted to proceed *in forma pauperis*, the Court must screen the complaint. In particular, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although a pro se litigant is entitled to a liberal construction of his pleadings and filings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal of the case is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir.1998). Moreover, an IFP complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional." *Id*. at 327–28.

## II.

Stringer's complaint alleges that "M. Lennox beat me to death I pass out from his blows to the head. He hit and choke me at the same time. My right eye was swollen up it pop out my head if it wasn't for my eye lid it would had falling out." (ECF No.1, PageID.6–7.) Stringer gives no date for the event but does indicate that these events occurred at the Adrian Correctional Facility. (ECF No.1, PageID.8.) Stringer is currently incarcerated at Macomb Correctional Facility. Stringer also acknowledged that he had filed another lawsuit in this court dealing with the same facts, and he listed a case filed in 2010. (ECF No.1, PageID.11–12.) Indeed, a review of the Court's CM/ECF database reveals that Stringer has brought this same lawsuit or a nearly identical version numerous times since 2010.

## III.

Stringer alleges that the facts of the instant case are the same as those alleged in the previous case he filed in 2010. (ECF No.1, PageID.11–12.) Stringer filed a case on August 12, 2010 (complaint signed July 15, 2010), against Ford and Lennox alleging, among other things, that Lennox "drawing back his fist like down south hitting me 15 times on the 15 hit he cut my eyebrow making it bleed . . . . blood was poring out of my right eyebrow." *Stringer v. Ford*, No. 10-13198

(E.D. Mich. Aug. 12, 2010). This is the only lawsuit he filed in 2010.[1] Therefore, this must be the case he refers to as alleging the same facts as the instant case.

After Stringer filed two seemingly similar suits in 2011 that were dismissed for failure to pay the filing fee, Stringer filed another lawsuit in May 2012. *Stringer v. Lennox*, No. 12-12124 (E.D. Mich. April 12, 2012). The 2012 case also alleged that "officer Lennox was standing in front of me with his fist drew back behind his head and called me a nigger and swung on me. Officer [L]ennox hit me around 15 times till he cut my eye, once he seen that he stopped. Then he started choking me until I passed-out." *Id.*

In 2017, Stringer filed yet another case against Ford and Lennox. In its opinion dismissing the case, the Court cited deposition testimony where Stringer stated that the incidents giving rise to the complaint occurred on May 8, 2010. *Stringer v. Lennox*, No. 17-10998, 2018 WL 5095047, at *1 (E.D. Mich. August 27, 2018), *rep. & rec. accepted by* 2018 WL 4443176 (E.D. Mich. Sept. 18, 2018). This time the Court dismissed the complaint based on *res judicata*, noting that Stringer's 2012 case was dismissed for failure to exhaust administrative remedies with respect to the same set of facts occurring on May 8, 2010. *Id.* at *5-6.

From the above prior public filings, the allegations in the instant complaint, and the fact that Stringer does not currently reside at the Adrian Correctional Facility where the defendants work and where the alleged events giving rise to the claim occurred, the Court can glean that the events complained of in the instant case, filed on January 3, 2019, all occurred in 2010. Most directly, as noted, Plaintiff's present complaint states that the events at issue were raised in his

---

[1] Plaintiff's present complaint states that the approximate date of his earlier filing was May 8, 2010. (ECF No. 1, PageID.12.) As noted, however, the only case he filed in 2010 was in August of that year.

2010 complaint, (R. 1, PageID.11-12), meaning that they must have occurred before that point, and there is no allegation of continuing violations.

The statute of limitations for § 1983 claims filed in Michigan is three years. *See Johnson v. Freed*, No. 09–CV–14371, 2010 WL 3907224, at *1 (E.D. Mich. Sept. 27, 2010) (citing *McCune v. Grand Rapids*, 842 F.2d 903 (6th Cir.Mich.1988)). This is so because "[t]he Supreme Court held . . . that the statute of limitations for § 1983 actions is the same as the limitations period for personal injury claims under state law," *JiQiang Xu v. Michigan State Univ.*, 195 F. App'x 452, 455 (6th Cir. 2006) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)), and "[u]nder Michigan law, the limitations period [for personal injury claims] is three years." *Id.*; *see also* Mich. Comp. Laws. § 600.5805(10).[2]

Since the instant lawsuit was filed more than eight years after the events giving rise to the allegations in the complaint, the case will be dismissed, with prejudice, as barred by the applicable limitation period and, given the prior rulings based on the same allegations, *res judicata*.[3]

---

[2] State tolling rules also apply to § 1983 actions. *See McCune*, 842 F.2d at 906. Under Mich. Comp. Laws § 600.5856, the limitations period is tolled when the complaint is filed. The Michigan Court of Appeals has held that "[w]here a suit is commenced, but later dismissed without prejudice, the statute is tolled for the period of time during which the court had jurisdiction over the defendant, and thereafter the statute begins to run again." *Smith v. Bordelove*, 63 Mich. App. 384, 387 (1975) (citing a case interpreting § 5856). Even if all the cases Plaintiff filed since the 2010 complaint counted towards tolling, the limitations period would not have been tolled long enough to make the present action timely. *See Stringer v. Lennox*, No. 17-10998 (E.D. Mich.) (action pending approximately 18 months); *Stringer v. Macomb Correctional Facility*, No. 16-14476 (E.D. Mich.) (action pending about 2 months); *Stringer v. Lennox*, No. 14-12955 (E.D. Mich.) (pending for approximately 4 months); *Stringer v. Lennox*, No. 12-12124 (E.D. Mich.) (pending approximately 10 months); *Stringer v. Leonard*, No. 11-14914 (E.D. Mich.) (pending approximately 4 months); *Stringer v. Lennox*, No. 11-10601 (E.D. Mich.) (pending approximately 10 months); *Stringer v. Ford*, No. 10-13198 (E.D. Mich.) (action pending approximately than 2 months).

[3] Because these defects appear on the face of the complaint, it is appropriate to raise on screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## IV.

Since Stringer's complaint is barred by the applicable limitation period as well as by *res judicata*, his case will be dismissed with prejudice.

**IT IS SO ORDERED.**

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: March 8, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, March 8, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager